# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FITZROY POWELL, on behalf of himself and all others similarly situated, | Civil Case No.: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ALDOUS & ASSOCIATES, P.L.L.C.; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, FITZROY POWELL, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, ALDOUS & ASSOCIATES, P.L.L.C. ("ALDOUS"), and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

4.  As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.  The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.  Plaintiff is a natural person and resides in Paterson, in Passaic County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.  ALDOUS & ASSOCIATES, P.L.L.C. is law firm located in Utah with an office at 4625 S 2300 E, Suite 207, Holladay, UT 84117.

8.  Upon information and belief, ALDOUS uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.  ALDOUS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from ALDOUS, which contained at least on one of the alleged violations of 15 U.S.C. § 1692 *et seq.* as set forth herein.

The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter, notice and/or practice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692e; 1692e(3); 1692e(5); and 1692e(10) *et seq*.

    b.    Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is, at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to January 21, 2017, Plaintiff allegedly incurred a financial obligation to DIAMOND WIRELESS ("DIAMOND").

16. The DIAMOND obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The DIAMOND obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. DIAMOND is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. At some time prior to January 21, 2017, the DIAMOND obligation was placed with ALDOUS for the purpose of collection.

20. At the time the DIAMOND obligation was placed with ALDOUS for the purpose of collection, the balance was past due.

21. At the time the DIAMOND obligation was placed with ALDOUS for the purpose of collection, the obligation was in default.

22. ALDOUS caused to be delivered to Plaintiff a letter dated January 21, 2017, which was addressed to Plaintiff. **Exhibit A,** which is fully incorporated herein by reference.

23. The January 21, 2017 letter was sent to Plaintiff in connection with the collection of the DIAMOND obligation.

24. The January 21, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. Upon receipt, Plaintiff read the January 21, 2017 letter.

26. The January 21, 2017 letter states in part:

> "At this time, not (sic) attorney with this firm has personally reviewed the particular circumstances of your account"
>
> "OUR ATTORNEYS ARE ADMITTED TO PRACTICE IN ONE OR MORE OF THE FOLLOWING: NEW YORK**, LOUISIANA*, PENNSYLVANIA*, UTAH*"

27. The January 21, 2017 letter claimed that the total due on the DIAMOND obligation to be $400.00.

28. The January 21, 2017 letter was not signed by an attorney with ALDOUS

29. ALDOUS & ASSOCIATES, P.L.L.C. is not licensed to practice law in New Jersey.

30. No attorney employed by ALDOUS was licensed to practice law in New Jersey as of January 21, 2017.

31. No attorney employed by ALDOUS, licensed to practice law in New Jersey as of January 21, 2017, reviewed the Plaintiff's DIAMOND account or any supporting documentation prior to the January 21, 2017 letter being sent to Plaintiff.

32. No attorney employed by ALDOUS was licensed to practice law in New Jersey within the period beginning on the day one year prior to the date this complaint is filed to the present.

33. Defendant's use the January 21, 2017 letter would confuse the least sophisticated consumer as to whether Defendant was meaningfully involved in the matter as an attorney and if so, to what degree of involvement.

34. The overall impression that Defendant's collection letters, the same or substantially similar to Defendant's January 21, 2017 letter, give to Plaintiff and other similarly situated is that of potential legal action.

35. Defendant's collection letters, the same or substantially similar to Defendant's January 21, 2017 letter, falsely imply that an attorney, acting as an attorney, is meaningfully involved in collecting the consumer debts at issue.

36. The FDCPA prohibits a debt collector from falsely representing or implying that any individual is an attorney or that any communication is from an attorney if, in fact, no attorney was meaningfully involved in collecting the debt. *See* Martsolf v. JBC Legal Group, P.C., 2008 U.S. Dist. LEXIS 6876, 2008 WL 275719 (M.D. Pa. Jan. 30, 2008); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3rd Cir. 2011); and 15 U.S.C. § 1692e(3).

37. Defendant's January 21, 2017 letter that Defendant sent to Plaintiff and others similarly situated does not comply with the FDCPA. *See* Smith v. Michael Harrison, Esquire, 2008 U.S. Dist. LEXIS 51685 (D.N.J. July 7, 2008); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3rd Cir. 2011).

## POLICIES AND PRACTICES COMPLAINED OF

38. It is ALDOUS's policy and practice to send letters and notices to Plaintiff and others similarly situated as shown in **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (d) Making a false representation or implication that an attorney is meaningfully involved.

39. On information and belief, Defendant engaged in the practices described herein by sending written communications in the form annexed hereto as **Exhibit A**, to at least 30 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

40. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

41. Collection letters and/or notices, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

42. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with his attempts to collect debts from Plaintiff and others similarly situated.

43. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with his communications to Plaintiff and others similarly situated.

44. Section 1692e(3) of the FDCPA prohibits a debt collector from falsely representing or implying that any communication is from an attorney.

45. Defendant violated 15 U.S.C. § 1692e(3) of the FDCPA by falsely representing meaningful attorney involvement in his collection letters to Plaintiff and others similarly situated.

46. Defendant violated 15 U.S.C. § 1692 et seq., § 1692e and § 1692e(3) of the FDCPA by causing Plaintiff and others similarly situated to be confused as to whether Defendant was meaningfully involved in the collection attempts as an attorney.

47. Defendant violated 15 U.S.C. § 1692 et seq., § 1692e and § 1692e(3) of the FDCPA by causing Plaintiff and others similarly situated to be confused as to whether Defendant was acting as an attorney in their collection attempts and whether Defendant's collection letters implied potential legal action.

48. Defendant violated 15 U.S.C. § 1692e and § 1692e(3) of the FDCPA by making a false, deceptive, or misleading representation in his collection letters to Plaintiff and others similarly situated regarding their level of meaningful attorney involvement.

49. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken.

50. Defendant's January 21, 2017 letter violated 15 U.S.C. §1692e(5) by falsely implying that a lawsuit could be instituted by Defendant.

51. Defendant's January 21, 2017 letter violated 15 U.S.C. §1692e(5) by falsely implying that the Defendant was retained to file a lawsuit against Plaintiff and others similarly situated.

52. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

53. Defendant violated 15 U.S.C. §1692e(10) by falsely representing that an attorney was meaningfully involved in the collection process and by falsely implying that the Defendant was retained to file a lawsuit against Plaintiff and others similarly situated.

54. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

55. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

56. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

57. Plaintiff and others similarly situated were sent letters which have the likelihood to affect their decision-making with regard to the debt.

58. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

59. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Glen H. Chulsky, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c)  Awarding Plaintiff and the Class actual damages;

(d)  Awarding pre-judgment interest;

(e)  Awarding post-judgment interest.

(f)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: May 25, 2017

> *s/ Joseph K. Jones*
> Joseph K. Jones, Esq.
> JONES, WOLF & KAPASI, LLC
> 375 Passaic Avenue, Suite 100
> Fairfield, New Jersey 07004
> (973) 227-5900 telephone
> (973) 244-0019 facsimile
> jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

> *s/ Joseph K. Jones*
> Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 25, 2017

<div style="text-align:right">
<i>s/ Joseph K. Jones</i><br>
Joseph K. Jones, Esq.
</div>

Case 2:33-av-00001   Document 28725   Filed 05/25/17   Page 13 of 14 PageID: 840522

# Exhibit

# A

Case 2:17-cv-03770-KM-MAH Document 1 Filed 05/25/17 Page 14 of 14 PageID: 14
Case 2:33-av-00001 Document 28725 Filed 05/25/17 Page 14 of 14 PageID: 840523



Nathan Perry - of Counsel**  
Jeffrey N. Aldous*

**ALDOUS**  
& ASSOCIATES  
*Attorneys at Law*  
P.O. Box 171374 • Holladay, UT 84117-1374  
Toll Free: (888) 221-5155

Office Hours  
Mon - Thu 8:00AM to 7:00PM (MST)  
Fri 8:00AM to 6:00PM (MST)

Fitzroy Powell

FEB 1 0 2017

Date: January 21, 2017  
YOUR ACCOUNT NUMBER:  
Agreement with: Diamond Wireless

Total Due: $400.00  
Amnesty Program: $200.00

The original creditor of this file, Diamond Wireless, has developed an "Amnesty Program," for seriously delinquent accounts. Therefore, you will be permitted to clear your obligation on your past due amount by paying 50% of the Total Due to our office no later than April 15, 2017.

Amnesty Program amount to settle debt: $200.00. Pay now online by going to www.aldouslegal.com and click "Pay Now" at the top. Be sure to reference the listed account number.

A negative credit report reflecting on your credit record may be submitted to a credit reporting agency and will remain if you fail to fulfill the terms of your credit obligations. Upon receipt of this payment, your account and any negative report to the credit bureau will be "Settled in Full," and you will be released from further obligation.

If you desire to pay over the phone, please contact our office today at 1.888.221.5155. More than thirty (30) days has passed since our first written notice to you. Currently, your obligation is not resolved.

When payment is received your obligation will be finalized and closed. Once paid and if you choose, you will be able to enter into a new agreement with the original creditor.

Sincerely,  
Aldous & Associates, P.L.L.C.

**THIS IS AN ATTEMPT TO COLLECT A DEBT: ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**At this time, not attorney with this firm has personally reviewed the particular circumstances of your account.**

OUR ATTORNEYS ARE ADMITTED TO PRACTICE IN ONE OR MORE OF THE FOLLOWING:  
NEW YORK**, LOUISIANA*, PENNSYLVANIA*, UTAH*  
SE HABLA ESPANOL. NEW YORK CITY DCA LICENSE #: 2004462-DCA

If you requested in writing proof of the debt or the name and address of the original creditor within the thirty (30) day period which began with your receipt of the original demand letter, the law required our office to suspend efforts to collect the debt until we mail the requested information to you.

For California Residents: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

For New York Residents: Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: The use or threat of violence; The use of obscene or profane language; and Repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: Supplemental security income, (SSI) Social security; Public assistance (welfare); Spousal support, maintenance (alimony) or child support; Unemployment benefits; Disability benefits; Workers' compensation benefits; Public or private pensions; Veterans' benefits; Federal student loans, federal student grants, and federal work study funds; and Ninety percent of your wages or salary earned in the last sixty days.

*** Please detach the lower portion and return with your payment ***

PO Box 505  
Linden MI 48451-0505  
ADDRESS SERVICE REQUESTED

IF YOU WISH TO PAY BY CREDIT CARD, CHECK ONE AND FILL IN THE INFORMATION BELOW.  
☐ MasterCard ☐ VISA

| CARD NUMBER | | EXP. DATE |
| CARD HOLDER NAME | | CVV |
| SIGNATURE | AMOUNT PAID | |

January 21, 2017

Your Account Number:  
Agreement With: Diamond Wireless  
**Total Due Balance: $200.00**

Fitzroy Powell

Aldous & Associates  
P.O. Box 171374  
Holladay UT 84117-1374